## BOICE v. BOICE et al.
### Civil Action No. 2100.

District Court, D. New Jersey.
Aug. 10, 1944.

Lum, Fairlie & Wachenfeld, by Ralph E. Lum, all of Newark, N. J., for plaintiff.

Milton M. Unger, of Newark, N. J., for defendants Edith Gibby Boice and Alfred A. Stein, Jr., as sequestrator.

Foley & Francis, by John J. Francis, all of Newark, N. J., for defendants First Nat. Bank of Palm Beach and Florida Bank & Trust Co.

FAKE, District Judge.

After the opinion of this court in, D.C., 48 F.Supp. 183, had been sustained at the circuit in, 3 Cir., 135 F.2d 919, the attorney for the successful defendant, Edith Gibby Boice, filed a petition for an attorney's fee to be taxed against the defeated plaintiff herein.

That this court may make an allowance to an attorney, in a proper case, after the coming down of a mandate, is made clear by the ruling in Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L. Ed. 1184. But is this a proper case in which to make such an allowance?

This unfortunate defendant and her attorney have been forced into unnecessary and quite unjustifiable litigation, and solely because of the attorney's steadfast and intelligent devotion to the cause the defendant finally was sustained in her rights, all of which will appear by a reading of the two opinions in the cases above cited. She is without funds other than a small amount under the control of this court which her attorney is reluctant to deplete by taking an allowance. The desire here to make him an allowance to be assessed against the plaintiff is all but compelling but it is found that this court is quite without the necessary power to meet the urge.

340

A study has been made of the statutory law on the subject extending from the first statute on the subject found in the Act of September 29, 1789, 1 Stat. 93, down to and including the statute now in force, 28 U.S.C.A. § 571, which provides that: "The following fees and no other shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States * * *." Neither this statute nor any other known Federal statute makes any provision which would seem to authorize the taxing of such an allowance as is sought here to be taxed against the defeated litigant. A perusal of the speech of Senator Bradbury of Maine found in Congressional Globe Vol. 26 and 27, Part 2, Appendix Page 207, would seem to indicate that the intent of the legislation was at once to destroy the discretionary power of the federal courts to make any allowances whatever save those specifically authorized by the Act. However, the strict language of the statute was not followed in Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157, wherein counsel fees were allowed out of a fund under the control of the court and this rule has been extended by the opinion in Sprague v. Ticonic Nat. Bank, supra [307 U.S. 161, 59 S.Ct. 780, 83 L.Ed. 1184], to permit an allowance "in view of * * * stare decisis," where the action of one litigant, instituted solely for himself, redounded to the benefit of fourteen others, it appearing that the court had control of the funds involved. There each of the claimants, though not parties to the litigation, had their funds depleted by the allowance of a fee to the attorney of the one who litigated.

After a study of the case law as found in cases too numerous to mention here, but which may be easily located by reference to the reports on the subject, and thoughtful contemplation of the cold, clear, unambiguous language of the statute, it is found that the intent of the statute has been set at nought to the extent mentioned in the two cases last above cited, which is probably all to the good. But this inferior court hesitates to override the Congressional intent by further extending the judicial power to fix fees where the amount thereof is not to be deducted from a fund under the control of the court.

The prayer of the petition for an attorney's fee by the attorney for Edith Gibby Boice must be denied. It is believed however that counsel has stored up for himself a fee "where moth and rust doth not corrupt".

The petition for fees by the attorneys for the Florida banks is also denied.